# CITY OF BLOOMINGTON
## v.
## LAURA SCHROCK.

EVIDENCE—DAMAGES FOR CAUSING MISCARRIAGE.—The court is of opinion that the evidence of appellee as to her symptoms after the accident was properly admitted.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed August 20, 1885.

Mr. T. C. KERRICK, for appellant.

Messrs. FIFER & PHILLIPS and Mr. JAMES S. EWING, for appellee.

PLEASANTS, J. Appellee recovered judgment below for $900 damages for personal injuries, including a miscarriage, by falling upon a sidewalk of the city alleged to have been out of repair through its negligence. The defect complained of was a hole left by the removal of half a plank, and was claimed to have been there for several months next preceding the accident.

She had borne six living children, had one miscarriage, and was then six months advanced in pregnancy.

Having been out to do some shopping, on her return, about eight o'clock in the evening of Saturday, Oct. 14, 1882, she stepped into this hole and fell, and near midnight of the following Monday, was delivered of the fœtus, which was dead. The controverted questions of facts were whether the defect conceded to have been there for some considerable time, had been repaired so recently as to preclude the presumption that the city authorities had notice of its re-appearance before the accident; whether appellee had taken due care to avoid danger from it, considering that she had previously known of it, and that there were other routes no less convenient to her,

on which the walks were good, and whether, after the accident, she used due care to prevent miscarriage.

Upon all these questions there was evidence for the plaintiff which we think, notwithstanding the contradictions, was sufficient to support the verdict, and we are further of opinion that there was no error in the rulings or instructions of the court, which would justify the reversal of the judgment.

In the course of her examination in chief the plaintiff, after stating her age, experience, condition of pregnancy, and previous acquaintance with the sidewalk in that locality, narrated the circumstances of her fall, its immediate sensible effects, what she did and how she felt during that evening and night, and said, among other things, without objection, that she " had no symptoms of labor pains up to that time," but was nervous and wakeful through the night. She was then asked, " Did you, during the forenoon of Sunday, feel any symptoms of labor pains ? " This was objected to as calling for a conclusion, and excluded, but the court said, " She may state whether she had any symptoms indicating to her mind they were labor pains," to which counsel for the defendant excepted.

It is argued that this also called for a conclusion; that what she reasonably ought to have understood to be indicated by her symptoms was the question for the jury, to be determined by a description of them, and proof of what they did in fact betoken; that the question, as put, in effect left it to her to say whether she had used due care, for the jury would naturally suppose that if the court allowed her to say she did not, in fact, suspect there was danger of a miscarriage, she could not be held responsible for taking no measures to avoid it.

We think it called for a pure fact, which was known to the witness only, and took nothing from the jury. The issue of negligence or due care on the part of the plaintiff, after her fall, was to be determined in view of all that she did or omitted, having actual relation to the fall or its effects, and all facts explaining or characterizing her contract in that behalf. These constitute the *res gestæ*. It appears that labor

pains are premonitions alike of miscarriage and of natural birth, and of nothing else. Her experience had been large, embracing both situations. She knew her condition of pregnancy and its stage. At the time mentioned she was in fact within thirty-six hours of miscarriage, and under operation of what she claimed was its cause, and yet she did not send for a physician until the following morning. Now it is clear that the matter called for, would explain or characterize this omission at least to some extent, and if the answer had been in the affirmative instead of the negative, not even the counsel for the defendant would have doubted its materiality. Besides, no amount of proof that ordinary care would not have led her to recognize or discover symptoms of miscarriage, which counsel insists she was bound to show, could have availed her until she first rebutted the inference, not unreasonable from the circumstances mentioned, that she did recognize them. The question, then, was not improper.

Nor was there any great impropriety in the manner of re-examining the witness Olga Schrock; but if there had been, the matter elicited was too trivial to be noticed.

Defendant introduced evidence tending to show that the opening in the walk was closed just before the accident by a new board, put on by Hullinger and Burnham. Evidence in rebuttal was received, which tended to show not only that it was not repaired before the accident, but that it was repaired after it, and by filling the hole with ashes or cinders.

It is said that this evidence could not rebut the other, as to the time when the repairing relied on was done, since it related to other and different repairs, and yet was hurtful, as tending to show a consciousness of negligence on the part of the defendant. But each of the witnesses who spoke of the filling, testified that the defect was not repaired in any manner before the accident. So far it was undeniably rebutting. One of them said, " it was patched the next week by filling it with coal slack and a few days afterward a board was put over it;" and each of the others said the filling was done after the accident. So that the evidence of the time of filling, in view of the testimony, that fixed it with reference to that of the put-

ting on of the board, was also rebutting. And if not, it could have done no harm. Defendant's proof of the time when the board was put on was left unshaken by it, and that the walk was defective from the time of plaintiff's fall until it was repaired, and that the defect was such as to need repair—being all it tended to prove—was never denied.

We think none of the exceptions to instructions well taken; but as our differences with counsel respect only the meaning and effect of the language used and not any matter of law, it would be useless to argue them. In support of his criticism of the first and second given for plaintiff, that they assume a fact in dispute, several authorities are cited. We have examined them and do not find that they sustain his point.

Perceiving no error in this record, the judgment will be affirmed.

Judgment affirmed.